Dear Representative Hutchison:
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does a municipal court of record have jurisdiction over offenses committed on property which belongs to the municipality, yet is located outside the corporate limits of the municipality?
¶ 1 Municipal courts of record are created by statute at 11 O.S. 2001, § 28-101[11-28-101] in any city with a population of more than 200,000 inhabitants, as determined by the latest federal census. Differences exist between municipal courts of record and municipal courts not of record. See A.G. Opin. 84-142, 265. However, none of the differences are material to your question.
¶ 2 The jurisdiction of a municipal court of record is determined by the Oklahoma Constitution and statutes. The Constitution provides:
 Municipal Courts in cities or incorporated towns shall continue in effect and shall be subject to creation, abolition or alteration by the Legislature by general laws, but shall be limited in jurisdiction to criminal and traffic proceedings arising out of infractions of the provisions of ordinances of cities and towns or of duly adopted regulations authorized by such ordinances.
Okla. Const. art. VII, § 1.
¶ 3 The Legislature has also defined the jurisdiction of a municipal court of record. The statutes provide:
 The municipal criminal courts of record shall have original jurisdiction to hear and determine all prosecutions when a violation of any of the ordinances of the city where the court is established is charged, as provided by Article VII, Section 1 of the Oklahoma Constitution.
11 O.S. 2001, § 28-102[11-28-102](A). Therefore, a municipal court of record has jurisdiction over a violation of its municipal ordinances.
¶ 4 This does not end the analysis. The dispositive issue in answering your question is whether the municipality has jurisdiction to legislate over land belonging to the municipality which is outside its corporate limits. The Oklahoma Statutes empower municipalities to "enact ordinances, rules and regulations not inconsistent with the Constitution and laws of Oklahoma for any purpose mentioned in Title 11 of the Oklahoma Statutes or for carrying out their municipal functions." Id. § 14-101. Further, the Legislature has provided:
 The municipality shall have jurisdiction over any real property within or without its corporate limits belonging to the municipality. Unless otherwise provided for by law, the municipality may regulate the banks, shores, and wharves of navigable streams within the corporate limits.
Id. § 22-116.
¶ 5 This grant of legislative jurisdiction to a municipality empowers it to enact ordinances which have extra-territorial effect, insofar as the land belongs to the municipality.[1]
A municipal court of record is empowered to hear all cases involving violations of a municipal ordinance. Therefore, a municipal court of record has jurisdiction over offenses committed on property that belongs to a municipality yet is outside the municipality's corporate limits.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A municipal court of record has jurisdiction over offensesviolating municipal criminal or traffic ordinances which arecommitted on property that belongs to a municipality, yet isoutside the municipality's corporate limits. 11 O.S. 2001, §22-116[11-22-116].
W.A. DREW EDMONDSON Attorney General Of Oklahoma
D. CASEY DAVIS Assistant Attorney General
[1] This grant of legislative jurisdiction is not exclusive to the municipality.